# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CANDY LAB INC.,

                Plaintiff,

v.

MILWAUKEE COUNTY, MILWAUKEE COUNTY BOARD OF SUPERVISORS, and MILWAUKEE COUNTY DEPARTMENT OF PARKS, RECREATION, AND CULTURE,

                Defendants.

Case No. 17-CV-569-JPS

**ORDER**

      On December 26, 2017, the parties filed a joint stipulation for the resolution of this action. (Docket #31). The parties request the entry of a stipulated order containing certain factual and legal findings, as well as the conversion of the Court's preliminary injunction into a permanent one. *See* (Docket #31-1). They also seek a small award of costs and attorney's fees for Plaintiff. *Id.* The Court, having reviewed the parties' submissions and the entire record in this case, will grant their requests.

      Accordingly,

      **IT IS ORDERED** that the parties' stipulation regarding resolution of this action (Docket #31) be and the same is hereby **ADOPTED**; and

      **IT IS FURTHER ORDERED** that the Court makes the following findings of fact and conclusions of law in accordance with the parties' stipulations:

(1) Section 47.03(3) of the Milwaukee County Code of General Ordinances, as adopted in Resolution 16-637 by the Milwaukee County Board of Supervisors on February 2, 2017, and signed into law by Milwaukee County Executive Chris Abele on February 10, 2017 (the "Ordinance"), reads, in relevant part:

> (3) Permits required for location-based augmented reality games. Virtual and location-based augmented reality games are not permitted in Milwaukee County Parks except in those areas designated with a permit for such use by the Director of the Department of Parks, Recreation, and Culture. Permits shall be required before any company may introduce a location-based augmented reality game into the Parks, effective January 1, 2017. The permitting application process is further described on DPRC's website for companies that create and promote such games. That process shall include an internal review by the DPRC to determine the appropriateness of the application based on site selection, protection of rare flora and fauna, personal safety, and the intensity of game activities on park lands. Game activity shall only occur during standard park hours, unless otherwise authorized by the DPRC Director, who has the authority to designate special events and activities within the Parks outside of the standard operational hours.

(2) The Ordinance violates the First Amendment to the Constitution of the United States for all of the reasons explained in the Court's July 20, 2017 Order. (Docket #27).

(3) Plaintiff Candy Lab, Inc. ("Candy Lab") is entitled to judgment in its favor on its claims for the Ordinance's violation of its rights under the First Amendment pursuant to 42 U.S.C. § 1983 and to declaratory relief under 28 U.S.C. § 2201. Candy Lab is also entitled to a permanent injunction with respect to the Ordinance and an award of costs and reasonable attorney's fees pursuant to 42 U.S.C. § 1988, as stipulated below; and

(4) By separate orders entered simultaneously herewith, the Court will convert the current preliminary injunction into a permanent injunction, and will enter judgment in Candy Lab's favor that includes declaratory relief and a monetary award representing a portion of Candy Lab's costs and attorneys' fees. The parties have stipulated that the amount of this monetary award will be Eighty-Three Thousand Dollars ($83,000.00); and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29th day of December, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge